**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Earl Garland,       ) | No. CIV 03-1072-PHX-ROS (DKD) |
| Petitioner,       ) | **ORDER** |
| vs.       ) | |
| Dora B. Schriro, et al.,       ) | |
| Respondents.       ) | |

Currently pending before the Court is Petitioner Michael Earl Garland's Motion for Evidentiary Hearing (Doc. #22). In Garland's habeas petition, he challenged his aggravated assault conviction, raising seven grounds for habeas relief (Doc. #1). In their Answer, Respondents contended that six of the grounds are unexhausted, and that the other is without merit (Doc. #18). Garland admitted that four of the grounds were not presented to the state court for review. In addition, Respondents argued that two grounds were presented to the state courts as state law claims, and are therefore not reviewable by this Court. Finally, Respondents contended that Garland's only exhausted claim, that trial counsel was ineffective for failing to call an alibi witness, is without merit because counsel's decision was based upon a tactical consideration. The facts supporting Garland's conviction are summarized in the court of appeals' memorandum decision, and recited in the undersigned's February 16, 2005 Report and Recommendation, in which the Court recommended that Garland's petition be denied and dismissed with prejudice (Doc. #21).

Respondents contend in their opposition to Garland's request for an evidentiary hearing that (1) Garland did not exercise diligence in developing the state court record; (2) all but one of his claims are procedurally defaulted;[1] and (3) that, in any event, because there are no factual disputes, a review of his habeas petition can be accomplished by examination of the state court record. The Court agrees. Garland did not request an evidentiary hearing in either of his two post-conviction petitions (Doc. #28, Exh A, C). As a result of his lack of diligence, the Court is precluded from holding an evidentiary hearing absent a showing by Garland of either a new rule of constitutional law made retroactive; facts that could not have been previously discovered; or facts sufficient to establish by clear and convincing evidence that but for a constitutional error, no reasonable jury would have convicted him of the aggravated assault. *See* 28 U.S.C. § 2254(e)(2). Garland has made no such showing.

In addition, Garland's grounds for habeas relief[2] are without merit. Reliance on the state court record, which Respondents have submitted with their opposition to Garland's motion, is sufficient for the District Court to review the Report and Recommendation. No evidentiary hearing is warranted or necessary.

**IT IS THEREFORE ORDERED DENYING** Garland's Motion for an Evidentiary Hearing (Doc. #22).

DATED this 27th day of March, 2006.

_____
David K. Duncan
United States Magistrate Judge

---

[1] The Court agrees with this argument, as more fully explained in the Report and Recommendation.

[2] Garland's claims, which are discussed more fully in the Report and Recommendation, address the constitutionality of inconsistent verdicts, an alleged violation of state speedy trial rules, and ineffective assistance of counsel claims (one of which was procedurally defaulted and the other the Court found was a tactical decision and not subject to review).