IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael Earl Garland,<br><br>　　　　Petitioner,<br><br>vs.<br><br>Dora B. Schriro, et al.,<br><br>　　　　Respondents. | No. CIV 03-1072-PHX-ROS (DKD)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge David K. Duncan's Report and Recommendation ("R&R") filed in February 16, 2005, in which he recommends that the Court deny and dismiss with prejudice Petitioner Michael Earl Garland's Petition for Writ of Habeas Corpus. [Doc. #21]. Petitioner filed Objections on February 28, 2005. [Doc. #23]. For the reasons set forth below, the Court will adopt the R&R in part, reject in part, and dismiss the Petition.

**I. BACKGROUND**

Defendant was originally tried and convicted on charges of theft, kidnaping, armed robbery, and aggravated assault. [Doc. #19, Ex. B, p. 3.] On February 12, 1998, the Arizona Court of Appeals reversed Defendant's convictions due to the trial court's erroneous denial of Defendant's Motion to Sever the Theft Count, which was based on an unrelated incident. [Id.]   On retrial, Petitioner was convicted of aggravated assault and sentenced to 13.5 years imprisonment. [Doc. #19, Ex. A, pp. 1-2.] The jury found him not guilty of kidnaping and was unable to reach a verdict on the armed robbery charge. [Id.] Petitioner appealed his conviction on the basis that the evidence was legally

insufficient for conviction of aggravated assault due to the acquittal on the kidnaping charge. [Id. at 7.] The Arizona Court of Appeals affirmed Petitioner's conviction, holding that inconsistent verdicts are not grounds for reversal in Arizona (citing State v. Zakhar, 459 P.2d 83 (Ariz. 1969)), and there was sufficient evidence for the jury to find that Petitioner was the assailant in the aggravated assault charge. [Id., Ex. B.] Petitioner appealed the decision, and on April 18, 2000 the Arizona Supreme Court denied the petition for review. [Doc. #1, p. 2.]

On April 3, 2001, Petitioner filed his first Petition for Post Conviction Relief ("PCR") pursuant to Rule 32 of the Arizona Rules of Criminal Procedure. [Doc. #19, Ex. D.] The First Amended Petition for PCR was filed on June 18, 2001 raising issues of court error in not bringing the Defendant to trial within 60 days, as then required by Arizona Rule of Criminal Procedure 8.2(d), and violation of Defendant's Sixth Amendment right to effective counsel. [Id.] The trial court denied Petitioner relief on December 20, 2001, finding that the Rule 8.2 issue was precluded because it could have been raised on direct appeal, and Petitioner's counsel was not ineffective. [Id., Ex. E.] Petitioner subsequently filed a Petition for Review with the Arizona Court of Appeals on February 13, 2002. [Id., Ex. F.] The Court of Appeals denied review on February 21, 2003. [Doc. #1, p. 2.]

On March 14, 2003, Petitioner filed a second Notice of PCR and Petition for PCR raising issues of lack of jurisdiction, violation of double jeopardy, the constitutionality of the Zakhar rule, and ineffective assistance of counsel. [Doc. #1.] Petitioner's subsequent Petition was dismissed on April 18, 2003. [Id.] The trial court found that the claims of denial of speedy trial rights, inconsistent jury verdicts, and ineffective assistance of counsel were precluded, because they should have been raised in the direct appeal or first PCR. [Id.] Petitioner did not seek review of the dismissal of his second PCR by an appellate court. [Id.]

**II. STANDARD OF REVIEW**

Pursuant to the Federal Magistrates Act, 28 U.S.C. § 636, a "district judge may refer dispositive pretrial motions, and petitions for writ of habeas corpus, to a magistrate, who shall conduct appropriate proceedings and recommend dispositions." Thomas v. Arn, 474 U.S. 140, 141 (1985); see 28 U.S.C. § 636(b)(1)(B); Estate of Connors v. O'Connor, 6 F.3d 656, 658 (9th Cir. 1993). Any party who disagrees with the magistrate's recommendations "may serve and file written objections."

1   28 U.S.C. § 636(b)(1).  "A judge of the court shall make a de novo determination of those portions
2   of the report or specified findings or recommendations to which objection is made."  Id.  "[P]arties
3   who do not object to a magistrate's report waive their right to challenge the magistrate's factual
4   findings but retain their right to appeal the magistrate's conclusions of law."  Baxter v. Sullivan, 923
5   F.2d 1391, 1394 (9th Cir. 1991); see Jones v. Wood, 207 F.3d 557, 562 n.2 (9th Cir. 2000) ("Failure
6   to objection to a magistrate judge's recommendation waives all objections to the judge's findings of
7   fact."); Thomas, 474 U.S. at 149 ("[Section 636(b)(1)] does not . . . require any review at all . . . of
8   any issue that is not the subject of an objection."); see also Fed. R. Civ. P. 72(b).  A district judge
9   "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the
10  magistrate."  28 U.S.C. § 636(b)(1); see Fed. R. Civ. P. 72(b).  Finally, the decision of whether to
11  issue a separate written opinion is entirely within the district court's discretion.  See Boniface v.
12  Carlson, 881 F.2d 669, 672 (9th Cir. 1989) (affirming Arizona district court's decision to adopt
13  magistrate's R&R without written opinion and stating:  "Petitioner's . . . claim that the district court
14  erred in adopting the magistrate's [R&R] without a written opinion is without merit since the
15  necessity of a separate opinion is entirely within the discretion of the judge.").

16  **III. PETITION**

17       Petitioner alleges the following seven grounds for relief: (1) a violation of his due process rights
18  because of legally insufficient evidence to support his conviction for aggravated assault due to an
19  inconsistent acquittal on the kidnaping charge; (2) a violation of his due process rights by the trial
20  court's application of an amendment to Arizona Criminal Procedure Rule 8.2(d) that extended the
21  time limit to trial from 60 days to 90 days, after the first trial judge (prior to the case being
22  transferred to another judge) had ordered the second trial to commence within 60 days pursuant to
23  the court of appeal's mandate; (3) a violation of his Sixth Amendment right to effective counsel due
24  to his trial counsel's failure to call an alibi witness to testify; (4) a violation of Petitioner's due
25  process rights based on the second trial judge's lack of jurisdiction to change the time limit for
26  commencement of trial; (5) a violation of Petitioner's Fifth Amendment guarantee against double
27  jeopardy, as the acquittal on the kidnaping charge precluded conviction of aggravated assault where
28  the identity of the assailant was the only contested issue in trial; (6) the Zakhar rule applied by the

1  Arizona Court of Appeals to find that inconsistent verdicts are not grounds for reversal is
2  unconstitutional; and (7) ineffective assistance of trial counsel for failure to object to the admission
3  of finger print and palm print evidence.  [Doc. #1].

**IV. ANALYSIS**

**A.  Inconsistent Verdicts**

   **1. The Magistrate Judge's R&R**

Regarding **Grounds I, V** and **VI** Magistrate Judge Duncan found that two of the three claims were procedurally barred for failure to exhaust state remedies. [Doc. #21, pp. 4-5.]  Whether or not the third claim had been exhausted was immaterial, since the state court correctly applied federal law in rejecting Petitioner's arguments on appeal.  [Id.]  Zakhar, 459 P.2d at 84-85 (holding that consistency between verdicts is unnecessary under clearly established federal law); see also Dunn v. United States, 284 U.S. 390 (1932).  In addition, Magistrate Judge Duncan found that the evidence was sufficient for a conviction of aggravated assault under Jackson v. Virginia, 443 U.S. 307, 319 (1979) (applying the standard that "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.") [Id.]

   **2. The Petitioner's Objections**

      **a. Ground I (Legally Insufficient Evidence for Aggravated Assault Conviction)**

Petitioner argues that Zakhar, 459 P.2d at 84-85, is not controlling, as this case involves a higher level of inconsistency, and unlike Zakhar, involves an issue of identification. [Doc. #23, pp. 1.]  In addition, Petitioner contests that the evidence was insufficient to support a conviction of aggravated assault, particularly because the fingerprint and palm print evidence were improperly admitted. [Id. pp. 1-2.]

      **b. Ground V (Double Jeopardy)**

Petitioner argues that this claim can not be waived, as it is a fundamental right.  [Doc. #23, p. 14.]

      **c. Ground VI (Zakhar is Unconstitutional)**

1  Petitioner argues that since the trial court did not specifically mention **Ground VI** in its order denying the second PCR, the claim has not been found to be procedurally defaulted by a state court. [Doc. #23, p. 14.]

**3. Conclusions**

**a. Ground I (Legally Insufficient Evidence for Aggravated Assault Conviction)**

Although Magistrate Judge Duncan found that two of the three claims based on inconsistent verdicts were not exhausted, he did not specify which claims those were. [Doc. #21, p. 5.] The Court finds that this claim is exhausted, as it was raised on direct appeal, and a petition for review was sought with the Arizona Supreme Court. [Doc #1, p. 2.]

In Powell, the U.S. Supreme Court noted that the review for sufficiency of evidence "should not be confused with the problems caused by inconsistent verdicts.....[and] should be independent of the jury's determination that evidence on another count was insufficient." United States v. Powell, 469 U.S. 57, 67 (1984). In his original petition and objections to the R&R, Petitioner seems to have such confusion, arguing that the acquittal on the kidnaping charge demonstrates that there was insufficient evidence to find that he was the assailant for any of the charges and that Zakhar is inapplicable. [Doc. #1, p. 7.] Applying the standard set forth in Jackson, 443 U.S. at 319, the Court will adopt Magistrate Judge Duncan's finding that there was sufficient evidence for a conviction of aggravated assault. [Doc. #21, p. 5.] As a result, Petitioner's claim is denied.

**b. Ground V (Double Jeopardy)**

This Court finds that Petitioner's claim has been procedurally defaulted. The state court denied Petitioner's claim on his second PCR based on Rule 32.2(a)(1) of the Arizona Rules of Criminal Procedure, which precludes relief under a PCR for claims that were raisable on direct appeal. [Doc #1.] The state rule "is both independent of the merits of the federal claim and an adequate basis for the court's decision." Harris v. Reed, 489 U.S. 255, 260 (1989) (internal citations omitted). In order for federal review to be granted, Petitioner has to demonstrate either a miscarriage of justice, or cause and actual prejudice to excuse the default. See Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). The cause asserted by Petitioner in his objections to the R&R will be addressed in Section

1  D.

2                 **c. Ground VI (<u>Zakhar</u> is Unconstitutional)**

3     Magistrate Judge Duncan did not conclusively determine whether the claim has been exhausted,
4 instead stating that two of the three inconsistent verdict claims were not exhausted. [Doc. #21, pp.
5 4-5.] However, since it is clear that **Ground I** is exhausted, the Court will assume that Magistrate
6 Judge Duncan impliedly held that this claim is unexhausted. Petitioner objects to Magistrate Judge
7 Duncan's implicit finding on the basis that the trial court's minute entry to the second PCR failed to
8 mention this claim when dismissing the petition. [Doc. #23, p. 14.] A federal court can not assume
9 a claim is procedurally defaulted when a state court makes no reference to it in its ruling. <u>See</u> <u>Smith
10 v. Digmon</u>, 434 U.S. 332, 332-33 (1978) ("[W]hether the exhaustion requirement of 28 U.S.C. §
11 2254(b) has been satisfied cannot turn upon whether a state appellate court chooses to ignore in its
12 opinion a federal constitutional claim squarely raised in petitioner's brief in the state court.").

13     This Court adopts Magistrate Judge Duncan's conclusion that the claim is without merit. [Doc.
14 #21, p. 4.] Under 28 U.S.C. § 2254(a)(2) regardless of whether a petitioner has exhausted his state
15 remedies, his petition may be denied on the merits. In <u>Zakhar</u>, the Arizona Supreme Court expressly
16 relied on the United States Supreme Court's decision in <u>Dunn</u> in holding that consistency between
17 verdicts is unnecessary. <u>See</u> <u>Zakhar</u>, 459 P.2d at 84 (quoting <u>Dunn</u>, 284 U.S. at 393). Since that
18 time, the Supreme Court has reaffirmed its decision in <u>Dunn</u>, and it remains good law. <u>See</u> <u>Powell</u>,
19 469 U.S. at 69. Thus, this Court adopts Magistrate Judge Duncan's conclusion that **Ground VI** is
20 without merit and dismisses the claim.

21 **B. Change in Time for Trial**

22   **1. The Magistrate Judge's R&R**

23     Regarding **Grounds II and IV**, Magistrate Judge Duncan found that these claims were
24 procedurally defaulted based on the trial court's finding that the arguments were precluded because
25 they could have been raised on direct appeal. [Doc. #21, p.5.] In addition, since Petitioner raised
26 the speedy trial argument as a state claim in his PCR, Magistrate Judge Duncan found that the
27 federal court had no authority to review it. [<u>Id.</u>]

28   **2. The Petitioner's Objections**

1                 **a. Ground II (Violation of Right to Speedy Trial)**

2     Petitioner contends that the right to a speedy trial is only waived if he does not assert it before

3 trial, not if he fails to raise it on appeal, citing State v. Lee, 542 P.2d 413 (Ariz. Ct. App. 1975).

4 [Doc. #23, pp. 4-5.] He also argues that under Arizona law there is no right of appeal from a motion

5 to dismiss a prosecution, citing Quinton v. Superior Court of the State of Arizona, 815 P.2d 914

6 (Ariz. Ct. App. 1991). [Id.]

7                 **b. Ground IV (Trial Judge Lacked Jurisdiction)**

8     Petitioner reasserts that the second trial judge had no jurisdiction to change the first judge's ruling

9 on the time limit until trial. [Doc. #23, p. 13.] He also contends that this claim can not be waived.

10 [Id. pp. 13-14.]

11 **3. Conclusions**

12     This Court adopts Magistrate Judge Duncan's conclusion that the claims are procedurally

13 defaulted due to the state court's denial of the claims in Petitioner's first and second PCRs. [Doc.

14 #21, p. 5] The state court's denials were based on a state rule "that is both 'independent' of the merits

15 of the federal claim and an 'adequate' basis for the court's decision." Harris, 489 U.S. at 260. Rule

16 32.2(a)(1) of the Arizona Rules of Criminal Procedure precludes relief under a PCR for claims that

17 were raisable on direct appeal. Petitioner has not demonstrated a miscarriage of justice or cause and

18 actual prejudice to excuse the default with regards to **Ground II** in either his Petition or Objections

19 to the R&R; as a result, federal review of the claim is barred. See Coleman, 501 U.S. at 750-51.

20 In regard to **Ground IV**, the cause asserted by Petitioner in his objections to the R&R will be

21 addressed in Section D.

22 **C. Ineffective Counsel**

23 **1. The Magistrate Judge's R&R**

24     Addressing **Ground VII**, Magistrate Judge Duncan found that this claim was procedurally

25 defaulted, because it was not presented in state court and Petitioner no longer has a state remedy.

26 [Doc. #21, pp. 6-7.] In addition, the argument is without merit as Magistrate Judge Duncan found

27 that trial counsel had no basis for objecting to admission of the evidence. [Id.] Magistrate Judge

28 Duncan also found that **Ground III** was without merit, since whether to call a particular witness

is a tactical decision (citing United States v. Martinez, 883 F.2d 750, 763 (9th Cir. 1989) (Reinhardt, dissenting), vacated by 928 F.2d 1470 (9th Cir. 1991)). [Id.]

**2. The Petitioner's Objections**

    a.  **Ground III (Failure to Call Alibi Witness)**

Petitioner argues that the failure to call the alibi witness was not a valid strategic decision and rendered his trial counsel ineffective. [Doc. #23, pp. 5-9.] The testimony of his girlfriend that he was at home at the time of the crime would have undermined the eyewitness identification. [Id.] In addition, Petitioner contends that there was no danger of testimony regarding the separate theft incident, which occurred that same night, of coming in because the trial judge had granted a motion in limine precluding evidence from the separate theft to be presented at trial. [Id.] If any such testimony had come in for impeachment or contradiction the trial judge could have given limiting instructions to the jury. [Id.] There was no danger of the jurors remembering a newspaper article mentioning the theft incident and implicating the defendant, because on voir dire the jurors had denied knowledge of the article. [Id. at 7.] Petitioner further argues that merely labeling something as a tactical choice does not shield his counsel from Sixth Amendment scrutiny. [Id. at 6.] By failing to call an alibi witness, his trial counsel stripped him of a defense, as the alibi would have created reasonable doubt for the jury. [Id. at 9.]

    **b. Ground VII (Failure to Object to Admission of Fingerprint Evidence)**

Petitioner reasserts that his counsel's failure to object to the admission of the fingerprint evidence rendered his assistance ineffective. [Doc. #23, p. 14.]

**3. Conclusions**

    a.  **Ground III (Failure to Call Alibi Witness)**

This Court finds that this claim is exhausted. Petitioner raised this issue in his first PCR and after the trial court's finding that Petitioner's trial counsel was not ineffective, petitioned the Arizona Court of Appeals for review of the denial. [Doc. #19, Ex. D, E, and F.] In Arizona, in order to exhaust state remedies a petitioner must only present his claims to the Arizona Court of Appeals and need not petition the Arizona Supreme Court for review. Swoopes v. Sublett, 196 F.3d 1008, 1010 (9th Cir. 1999). However, once a claim has been adjudicated on the merits in state court, a petition

1  should not be granted by a federal court unless the state decision "was contrary to, or involved an
2  unreasonable application of, clearly established Federal law, as determined by the Supreme Court
3  of the United States " 28 U.S.C. § 2254(d)(1). In this case, the trial court denied Petitioner's claim
4  of ineffective counsel on his first PCR, finding that the decision to not call the alibi witness was a
5  tactical one. [Doc. #19, Ex. E.] As a result, the appropriate standard of review of this decision is
6  whether it is objectively unreasonable. See Williams v. Taylor, 529 U.S. 362, 411 (2000) ("state-
7  court judgment must be upheld unless...a federal court is firmly convinced that a federal
8  constitutional right has been violated.").

9  In order to prove a Sixth Amendment right to effective counsel violation, the defendant must
10 demonstrate that counsel's performance was deficient and that the deficient performance prejudiced
11 the defense. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Counsel's performance is
12 deficient if it "fell below an objective standard of reasonableness." Id. at 688. Judicial scrutiny
13 when applying the standard is deferential and "the defendant must overcome the presumption that,
14 under the circumstances, the challenged action might be considered sound trial strategy." Id. at 689
15 (internal citations omitted).

16 Magistrate Judge Duncan found that trial counsel's decision to not call the alibi witness was
17 tactical, since she would have testified that Petitioner was at the location of the unrelated theft
18 incident at the time of the aggravated assault. [Doc. #21, p. 6.] However, Petitioner objects to this
19 finding, since the alibi witness would testify that at the time of the incident they were both at home.
20 [Doc. #23, p. 5.] As a result, Petitioner argues that counsel's decision was not strategic, because
21 there was no danger of the separate theft incident coming out in the alibi witness' testimony. [Id.
22 pp. 6-8.] Petitioner also argues that counsel's decision severely handicapped his defense by not
23 allowing him to rebut the eyewitness testimony identifying him as the assailant. [Id. p. 9.]

24 Although the Court finds Magistrate Judge Duncan's decision as to the content of the alibi
25 witness' testimony erroneous, it adopts Magistrate Judge Duncan's conclusion that the claim is
26 without merit. Review of the record indicates that the alibi witness testified in a prior trial that at
27 the time of the crime at issue, she and defendant were at home after having left the place of the
28 separate theft incident. [Doc. #19, Ex. D.] Petitioner asserts that his counsel in this case did not

even interview the alibi witness, and this conduct constituted deficient performance. [Id.] However, it can be reasonably presumed that trial counsel had read the transcripts from the previous trials, would have been aware of the contents of the alibi's testimony, and would not have had to personally interview the witness. In addition, Petitioner admits in his PCR that evidence as to the unrelated theft incident could be admitted through impeachment of the alibi witness. [Id.] Counsel's decision whether to call a witness is a tactical one not regarded as grounds for a Sixth Amendment violation. See Denham v. Deeds, 954 F.2d 1501, 1501 (9th Cir. 1992) (calling alibi witness "would have done more harm than good."); William v. Prunty, 16 Fed. Appx. 594, 594-595 (9th Cir. 2001); United States v. Best, 219 F.3d 192, 201-02 (2nd Cir. 2000). For these reasons, the Court finds that the trial court was not objectively unreasonable under federal law in dismissing this claim, and adopts Magistrate Judge Duncan's conclusion denying the claim on the merits.

### b. Ground VII (Failure to Object to Admission of Fingerprint Evidence)

Petitioner failed to raise this issue in state court, thus Magistrate Judge Duncan found that the claim was barred for failure to exhaust. [Doc. #21, p. 6.] Pursuant to Arizona Rule of Criminal Procedure 32.4(a) Petitioner is time barred from returning to state court for review of any such claims. Therefore, this Court adopts Magistrate Judge Duncan's finding that Petitioner's claim is procedurally defaulted. Absent a demonstration that miscarriage of justice would result, or of cause for Petitioner's noncompliance and actual prejudice, the Court can decline to consider this claim. See Coleman, 501 U.S. at 750-51. This Court will address Petitioner's demonstration of cause in Section D.

## D. Cause

### 1. Petitioner's Assertions

Petitioner argues that he has cause for failing to raise **Grounds IV** through **VII** in his first PCR. [Doc. #23, pp. 10-12.] The initial draft of the PCR did not contain these claims, but Petitioner requested that his counsel incorporate them within it. [Id. p. 10.] When he was sent the amended PCR, Petitioner consented on the belief that his request had been followed. [Id.] Once he became aware that the PCR did not contain these claims, he demanded that it be amended. [Id.] Petitioner

- 10 -

1  claims that during this period of time his counselor, whom his family hired after his direct appeal
2  failed, had a conflict of interest, though he does not specify what the conflict of interest was. [Id.]
3  Petitioner also contends that his ability to communicate with his attorney during this period was
4  hindered by being moved to another facility. [Id. p. 11.] Petitioner argues that his attorney, as a
5  result of his conflict of interest, interfered with his ability to petition for post conviction relief, and
6  that an evidentiary hearing should be conducted to determine whether he consented to the first PCR
7  and its amended versions. [Id. p. 12.]

**2. Conclusions**

9  This Court finds that Petitioner has not demonstrated cause to excuse his defaults and reasserts
10 the prior findings of procedural default. Counsel error does not generally constitute cause, as "the
11 existence of cause for procedural default must ordinarily turn on whether the prisoner can show
12 some objective factor external to the defense impeded counsel's efforts to comply with the State's
13 procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986). See also Coleman, 501 U.S. at 752-
14 56. However, ineffective counsel under the Sixth Amendment may be cause if it is first presented
15 to the state courts prior to using it to establish cause for procedural default. Id. at 488-89. In this
16 case, Petitioner has raised a claim of ineffective assistance of counsel prior to bringing this petition.
17 [Doc. #19, Ex. 4.] However, the ineffective assistance he claims is that of his trial counsel, not his
18 counselor who prepared the PCR. [Id.] In addition, Petitioner vaguely asserts a conflict of interest
19 without giving any specific explanation. [Doc. #23, p. 10.] A conflict of interest can be an external
20 factor constituting cause. See Manning v. Foster, 224 F.3d 1129, 1134-35 (9th Cir. 2000) (finding
21 that trial attorney's conflict of interest preventing appeal based on an ineffective counsel claim can
22 constitute cause excusing procedural default); but see Burns v. Gammon, 173 F.3d 1089, 1093 (8th
23 Cir. 1999) (holding that alleged conflict of interest where appellate attorney and trial attorney were
24 from the same office did not constitute cause). It seems unlikely that such a conflict of interest
25 exists here, as Petitioner's family hired his counselor for the purpose of a petition for post conviction
26 review, and he had no prior ties to the case. [Doc. #23, p. 10.] Absent any showing of a specific
27 conflict of interest, it can not constitute cause. Petitioner's assertions of cause are dismissed.

Accordingly,

**IT IS ORDERED** that Magistrate Judge Duncan's Report and Recommendation (Doc. #21) to deny Petitioner's Writ of Petition is **ADOPTED, in part, and REJECTED, in part,** as set forth in this order.

**IT IS FURTHER ORDERED** that the Petitioner Michael Earl Garland's Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED.**

**IT IS FURTHER ORDERED** that the Clerk of Court terminate this action.

DATED this 19th day of June, 2006.

_____
Roslyn O. Silver
United States District Judge